IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| TERRY L. CORNSTUBBLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | NO. 4:13-CV-335-A |
| | § | |
| TARRANT COUNTY, TEXAS, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Now before the court is the motion for summary judgment filed in the above action by defendant, Tarrant County, Texas. Plaintiff, Terry L. Cornstubble, filed a response,[1] and defendant filed a reply. Having considered all of the parties' filings, the summary judgment record, and the applicable legal authorities, the court concludes that the motion for summary judgment should be granted.

I.

<u>Plaintiff's Claims and the Motion for Summary Judgment</u>

At the time he filed this action, plaintiff was incarcerated at the Tarrant County Jail ("Jail"). In his complaint pursuant

---

[1] On June 19, 2013, the court received additional correspondence from plaintiff regarding this action. If plaintiff intended the correspondence as a response to defendant's reply, it is considered a sur-reply, which requires leave of court to file.

to 42 U.S.C. § 1983, plaintiff alleged that he had cataracts in both eyes, and claims he had asked for medical treatment of this condition while incarcerated at the Jail. However, plaintiff claimed that medical staff at the Jail failed and refused to render adequate medical treatment.

Defendant moved for summary judgment on the grounds that: plaintiff failed to exhaust his administrative remedies; plaintiff received adequate medical care during the time he was incarcerated at the Jail; and, plaintiff cannot establish that any official policy, custom, or procedure adopted by defendant relating to inmate medical care caused him harm.

## II.

### Facts

The facts set forth below are undisputed in the summary judgment record:

On March 22, 2013, plaintiff was booked into the Jail for violation of his parole and for a misdemeanor theft charge following his arrest by officers with the Fort Worth Police Department. That same day, plaintiff underwent his initial medical screening at the Jail.

On March 25, 2013, medical staff at the Jail performed a second medical assessment of plaintiff. Notes by the physician's assistant who performed the assessment, Crystal Walker

("Walker"), indicate that plaintiff, among other medical issues, had "[c]ataracts bilaterally for about 3 years."[2] App. in Supp. of Mot. for Summ. J. and Br. of Def. Tarrant Cnty., Tx., at 52. Walker also assessed plaintiff as having some trouble with his vision, but noted he was able to manage his activities of daily living. An appointment was scheduled for plaintiff in the Ophthalmology Clinic on July 30, 2013. Walker also recommended that plaintiff be assigned a bottom bunk, which was done on March 26, 2013.

The Jail's Inmate Handbook includes the following procedure a prisoner must follow to file a grievance:

> To file a grievance you must send a written statement directly to the Grievance Unit in a sealed envelope marked Grievance. . . . Your Grievance will be reviewed and/or investigated by the Grievance board, and an answer should be received in sixty (60) days or less, with an interim response in fifteen (15) days or less.
>
> You may appeal the action taken by the Grievance Board (on complaints that qualify as a grievance). The appeal shall be in writing to the Inmate Grievance Appeal Board within thirty (30) days of receipt of the written reply to your Grievance.
>
> You may further appeal the Grievance Appeal Boards [sic] ruling to the Sheriff, or his designee (Executive Chief Deputy of Confinement). The appeal shall be in writing within five (5) days after receipt of the

---

[2] In his response, plaintiff disputes defendant's contention that his initial cataract diagnosis was made at the "Middleton Unit" of the Texas Department of Criminal Justice because plaintiff claims he has never been housed at that unit. Plaintiff does not appear to dispute the three-year time frame in which he received that diagnosis. The location at which the diagnosis was made is immaterial to the court's resolution of the motion for summary judgment.

> decision of the Inmate Grievance Appeal Board. The Sheriff, or his designee, shall respond to the appeal within fifteen (15) working days. The decision by the Sheriff or his designee shall be final.

Def.'s App. at 17-18. On March 26, 2013, only four days after being booked in the Jail, plaintiff filed his first grievance claiming inadequate medical care for his cataracts. On April 8, 2013, plaintiff submitted a request for medical care, claiming his eyesight was worsening because of his cataracts. The next days a nurse evaluated plaintiff regarding this complaint, and noted that he was already scheduled for an exam in the Ophthalmology Clinic.

On April 11, 2013, plaintiff submitted a second grievance, again complaining of inadequate medical care for his cataracts. On April 16, 2013, the Jail's Grievance Review Board issued a decision regarding plaintiff's first grievance, which found that plaintiff was "being provided medical services as prescribed by Texas state minimum jail standards." Id. at 36. The written decision informed plaintiff that within thirty days he could appeal the decision in writing to the Inmate Grievance Appeal Board. Rather than appeal, however, on April 25, 2013, plaintiff filed the instant action. On May 31, 2013, plaintiff was transferred to the Texas Department of Criminal Justice--Institutional Division, to serve time for his parole violation.

4

III.

Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324. See also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party

as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986).

IV.

Analysis

A. Failure to Exhaust Administrative Remedies

Defendant contends that plaintiff's claims should be dismissed as a result of his failure to exhaust his administrative remedies prior to filing the instant action. The court agrees.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Inmates are not required to specially plead or demonstrate exhaustion of administrative remedies in their complaints; rather, their failure to exhaust may be raised as an affirmative defense. Jones v. Bock, 549 US. 199, 215-16 (2007).

The Fifth Circuit has adopted a "strict approach" to exhaustion of administrative remedies. Dillon v. Rogers, 596

F.3d 260, 268 (5th Cir. 2010). Consequently, in the Fifth Circuit, "[p]roper exhaustion is required, meaning that the inmate must not only pursue all available avenues of relief but must also comply with all administrative deadlines and procedural rules." Lindsey v. Striedel, 486 F. App'x 449, *452 (5th Cir. 2012) (per curiam) (citing Woodford v. Ngo, 548 U.S. 81, 90-91 (2006)).

Here, plaintiff was incarcerated in the Jail on March 22, 2013, and was still incarcerated on the day he filed the instant action. The Inmate Handbook in effect on the date of plaintiff's incarceration contains a grievance process that includes multiple appeals or levels of review. Although plaintiff filed two grievances concerning his perceived lack of medical care for his cataracts, plaintiff failed to file any appeal following his receipt of the Grievance Board's response to his first grievance.

Plaintiff maintains that defendant was given "ample opportunity to act" in response to his grievances. Pl.'s Resp. at 1. However, he does not dispute that he failed to appeal the response to his first grievance as required by the Inmate Handbook or to otherwise fully exhaust his administrative remedies. To the extent that plaintiff contends he substantially complied with the grievance process, such is insufficient to

exhaust administrative remedies:

> Nothing in the [PLRA], however, prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems. . . . The PLRA required [plaintiff] to exhaust "available" "remedies", whatever they may be. His failure to do so prevents him from pursuing a federal lawsuit at this time.

Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001) (footnote omitted).

Having determined that plaintiff failed to exhaust his administrative remedies prior to filing his federal suit, the court is left with no other option but to dismiss plaintiff's claims against defendant. As the Fifth Circuit observed,

> there can be no doubt that pre-filing exhaustion of prison grievance processes is mandatory. . . . District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012) (per curiam) (footnote omitted).[3] Accordingly, plaintiff's claims must be dismissed for failure to exhaust his administrative remedies.

---

[3] In a footnote, the court in Gonzalez v. Seal, 702 F.3d 785 (5th Cir. 2012) (per curiam), noted that its decision applied only where a defendant moved for dismissal based on the failure to exhaust administrative remedies. Here, as noted previously, defendant asserted failure to exhaust as one of the grounds for summary judgment.

B.   Other Grounds of the Motion for Summary Judgment

As discussed, having found that plaintiff failed to exhaust his administrative remedies, the court must dismiss plaintiff's complaint. Having considered the remaining arguments in defendant's motion for summary judgment, the court notes that they appear meritorious, and it is likely summary judgment would be warranted on the remaining grounds as well. In particular, the summary judgment evidence shows that, beginning with the medical assessment on the date his incarceration began, plaintiff was evaluated on numerous occasions for various medical issues, and treatment prescribed accordingly.[4] As to the specific claim regarding plaintiff's cataracts, it is undisputed that an appointment was scheduled for plaintiff at the Ophthalmology Clinic for July 30, 2013. Merely because plaintiff's concerns were not addressed in the time frame he preferred does not establish a constitutional violation of deliberate indifference to plaintiff's medical needs. See, e.g., Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997) (per curiam).

---

[4] In his response plaintiff also objects to the release of his medical records, claiming a violation of his privacy. However, "prisoners have no absolute constitutional right in the privacy of their medical records." Alfred v. Corr. Corp. of Am., 437 F. App'x 281, *285 (5th Cir. 2011). In addition, plaintiff has placed his medical information at issue in this litigation and cannot now complain about prison officials or their counsel having access to those records.

VI.

Order

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted, and that all claims and causes of action asserted by plaintiff, Terry L. Cornstubble, against defendant, Tarrant County, Texas, be, and are hereby, dismissed with prejudice.

SIGNED July 22, 2013.

JOHN McBRYDE
United States District Judge